Helen M. WALASAVAGE, Administratrix of the Estate of Francis R. Walasavage, deceased

v.

NATIONWIDE INSURANCE COMPANY.

Civ. A. No. 85–6570.

United States District Court, E.D. Pennsylvania.

April 8, 1986.

Thomas B. Rutter, Philadelphia, Pa., for plaintiff.

Curtis P. Cheney, III, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

This case requires the Court to determine whether a Pennsylvania statute, 42 Pa.Con.Stat.Ann. §§ 5351–5354 (Wrongful

Use of Civil Proceedings; the "Dragonetti Act"), which codifies the common law tort of malicious use of civil proceedings, may be used to impose additional liability upon a defendant who pursues an allegedly frivolous appeal.

Plaintiff Helen Walasavage initially brought suit against, *inter alia,* Robinson Service and Equipment, Inc., insured by defendant, Nationwide Insurance Company. Her claim, based upon negligence and products liability, arose from the death of her husband in 1978. After a jury verdict and denial of posttrial motions, the Court of Common Pleas of Butler County entered judgment in favor of the plaintiff and molded the verdict to reflect delayed damages. Robinson, whose defense was directed by Nationwide, thereafter took an appeal to the Superior Court, which affirmed the judgment of the trial court. After allocatur was denied by the Supreme Court of Pennsylvania, Nationwide paid Robinson's share of the judgment, including six per cent simple interest, from the date of entry, July 16, 1982.

Contending that the three-year delay in receiving Robinson's share of the damages from Nationwide was attributable only to Nationwide's desire to postpone the payment of damages in order to earn interest in excess of that which was finally paid, Walasavage filed this action pursuant to federal diversity jurisdiction. Here she alleges that Nationwide effected its postponement of payment by prolonging Walasavage's original action against its insured, Robinson, through the appeals process in violation of the Dragonetti Act.

Since the appeal was necessarily based upon defenses asserted at trial, the instant suit likewise asserts a claim based upon Nationwide's defense of the prior action. Defendant Nationwide has moved to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(6), contending that Walasavage has failed to state a claim upon which relief may be granted. Most of Nationwide's arguments are irrelevant to the sole dispositive issue, *viz.,* whether Pennsylvania law recognizes a claim for frivolous defense under the Dragonetti Act.[1] We conclude that the statute cannot be so broadly construed and, hence, will dismiss the action.

At common law, a person who initiates, procures or continues a civil proceeding against another is liable to the other for wrongful use of civil proceedings if he acts with malice or without probable cause and primarily for a purpose other than that of securing proper discovery, joinder of parties or adjudication of the claim on which the proceedings are based, provided that the proceedings terminated in favor of the person against whom they were brought. *See, Restatement (Second) of Torts,* § 674.

The Pennsylvania legislature codified the common law tort of malicious use of civil proceedings solely to abolish the so-called "English Rule" pursuant to which the common law also requires arrest or seizure of property as an element of the claim. *Sheridan v. Fox,* 531 F.Supp. 151 (E.D.Pa.1982), 70 Pennsylvania Legislative Journal (House) SB1367 (November 19, 1980) (Remarks of Reps. Spencer and Spitz). Except for this "amendment" of the common law, the Dragonetti Act closely tracks the *Restatement (Second) of Torts,* §§ 674–681B.

The Pennsylvania legislature altered the *Restatement* in only one other respect. It substituted gross negligence for malice as the standard for liability in § 8351, which parallels § 674 of the *Restatement.* The proponent of this change assured his colleagues in the House that the legal effect of the new term would be identical to that of the original *Restatement* language. *Id.*

---

**1.** Nationwide construes the complaint as alleging causes of action under the common law torts of abuse of process and intentional infliction of emotional distress as well as under the Dragonetti Act. Walasavage argues in response that she has alleged only one cause of action, and our reading of the complaint supports that position. Consequently, Nationwide's arguments that seizure of plaintiff's property or her arrest are necessary elements of abuse of process and that Nationwide's conduct was not so outrageous as to support a claim for the intentional infliction of emotional distress, while they may be accurate, fail to support its motion to dismiss this complaint, which asserts no such claims.

(Remarks of Rep. Spencer). Still, several legislators expressed reservations about the substitution, fearing that it would engender additional litigation. *Id.* (Remarks of Reps. Berson, Spitz and Hutchinson). Thus, it is obvious that the legislature did not intend a radical departure from the common law, *i.e.,* it did not intend the Dragonetti Act to establish a new cause of action. It merely wished to alter the existing cause of action in one respect only.

The only Pennsylvania court to have addressed the issue of whether the Dragonetti Act encompasses the new cause of action for which Walasavage contends agreed that the legislature did not intend to so expand the common law, concluding:

> Obviously the legislature intended to curtail the use of civil proceedings in a malicious, abusive or annoying manner. Any other construction of this cause of action, allowing individuals to be sued under this act for defending prior actions, would place a considerable burden on the courts by creating a never ending progression of litigation as well as having a chilling effect upon an individual's ability or willingness to defend a suit for fear that he may thereby become liable in a second suit. We do not believe that such a result was ever envisioned.

*Young v. Sheddy,* 35 Pa.D. & C.3d 78, 82 (Lycoming Co. 1984).

It is also clear that at common law an action for malicious use of civil proceedings was not available to redress the type of injury Walasavage alleges here. Our research has disclosed only one other instance of a court's consideration of the question whether malicious use of civil proceedings could be asserted in the context of defending an action. There, the plaintiff sought to impose additional liability upon a defendant based upon defendant's filing of what the defendant contended was a compulsory counterclaim. The court held that

the pleading in issue was in the nature of a defense, not an independent claim and reversed a judgment for the plaintiff on that issue. The court described the plaintiff's claim as "malicious defense" and determined that it represented a new cause of action which should first be recognized by the highest state court. *Bertero v. National General Corp.,* 13 Cal.3d 43, 118 Cal.Rptr. 184, 529 P.2d 608 (1974).

The *Restatement,* upon which the Pennsylvania statute is based, likewise contemplates that the action is available only to the defendant in a prior proceeding, not the plaintiff. For example, Comment i to § 674 explicitly describes the defendant in an action for malicious use of civil proceedings as "the plaintiff in the alleged wrongful civil proceedings".[2] This is in accord with the court in *Young v. Sheddy, supra,* which reasoned that the Pennsylvania statute may be invoked only when the prior proceedings terminated in favor of the party against whom they were brought, *i.e.,* the prior defendant.

Finally, in defining the existence of probable cause, both the Pennsylvania statute (§ 8352) and the *Restatement* (§ 675) speak in terms of a reasonable belief in the existence of facts upon which the *claim* is based. BLACK'S LAW DICTIONARY 224 (5th Ed.1979) defines "claim" as a "cause of action. Means by or through which claimant obtains possession or enjoyment of privilege or thing. Demand for money or property". By contrast, "defense" is defined as,

> That which is offered and alleged by the party proceeded against in an action or suit, as a reason in law or fact why the plaintiff should not recover or establish what he seeks. That which is put forward to diminish plaintiff's cause of action or defeat recovery. *Id.* at 377.

---

**2.** In this action, Walasavage departs even farther from the usual common law tort of malicious use of civil proceedings in that the parties in this action are not identical to those in the prior, allegedly wrongful, proceeding. Robinson Service and Equipment was the defendant in Walasavage's state court action, while Nationwide is the named defendant here. However, for purposes of the disposition of this motion, we assume that Nationwide was the true party in interest in the prior action.

Nothing in the language of the Pennsylvania statute itself, nor in its legislative history, lends support to Walasavage's argument that the word "claim" should be given other than its ordinary legal meaning, specifically that it should be read here as a synonym for "defense". In ordinary legal usage those terms are certainly not interchangeable.

In summary, the Pennsylvania statute known as the Dragonetti Act is a codification of the common law tort of malicious use of civil proceedings. That tort, which was recognized in Pennsylvania prior to the passage of the statute, required the plaintiff to allege seizure of property or arrest in order to maintain an action. The Pennsylvania legislature sought to eliminate that requirement as an element of a cause of action for wrongful use of civil proceedings by its enactment of a statute which closely followed the *Restatement (Second) of Torts* except for the specific removal of the requirement of arrest or seizure of property. There is absolutely no indication that the legislature intended to alter the common law operation of this cause of action in any other respect. Consequently, we conclude that the plaintiff in this case has failed to state a claim upon which relief may be granted in that she has asserted a claim based upon Nationwide's appeal of a judgment in her favor. Thus, she seeks to recover additional damages for an allegedly malicious or frivolous defense which is not a cognizable claim under the Dragonetti Act.