Helen M. WALASAVAGE, Administratrix of the Estate of Francis R. Walasavage, Appellant,

v.

NATIONWIDE INSURANCE CO., Appellee.

No. 86–1261.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Nov. 21, 1986.

Decided Dec. 2, 1986.

Thomas B. Rutter, Mary B. Stein, Rutter, Turner & Stein, Philadelphia, Pa., for appellant.

Curtis P. Cheyney, III, Swartz, Campbell & Detweiler, Philadelphia, Pa., for appellee.

Before SEITZ, GIBBONS, Circuit Judges, and BARRY, District Judge.*

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Plaintiff Helen M. Walasavage, Administratrix of the Estate of Francis R. Walasavage, appeals a final judgment of the district court entered in favor of defendant Nationwide Insurance Company (Nationwide). We have jurisdiction under 28 U.S.C. § 1291.

### I.

On August 25, 1978 Francis R. Walasavage was fatally injured when the tailgate of a dump truck behind which he was working opened unexpectedly and buried him in hot asphalt. Helen M. Walasavage, as wife and administratrix of his estate, filed prod-uct liability and negligence claims in the Pennsylvania state courts against City Welding & Manufacturing Company (City Welding), the manufacturer of the defective dump truck assembly. Robinson Service & Equipment, Inc. (Robinson), the retailer of the truck, was later joined as an additional defendant. Nationwide was Robinson's insurance carrier, and as such actively participated in Robinson's defense.

Following a jury trial in February 1982, the jury returned a verdict for Walasavage. After resolution of post trial motions, the court entered judgment against City Welding and Robinson in an amount exceeding $1,000,000. Pennsylvania Manufacturers Association Insurance Company thereafter paid over $250,000 in full satisfaction of its obligation as City Welding's carrier.

Robinson, however, appealed the trial court's judgment to the Superior Court of Pennsylvania. More than two years later, in September 1984, that court affirmed the trial court's judgment. Robinson then petitioned the Pennsylvania Supreme Court to review the case. Robinson's petition was denied in August 1985. Nationwide paid the balance of Walasavage's judgment in September 1985.

Walasavage then filed the instant action. She alleged that Robinson's appeals in the state court proceedings did not raise legitimate defenses or errors, but were taken solely to forestall Nationwide's inevitable payment of the outstanding balance of the judgment and afford Nationwide use of the money due during the course of the appeals. She claimed Nationwide was responsible for this chicanery, and argues that Nationwide's conduct violates Pennsylvania's Dragonetti Act, 42 Pa.Cons.Stat. Ann. § 8351 *et seq.* (Purdon 1982). The district court dismissed the case for failure to state a claim upon which relief could be granted. *Walasavage v. Nationwide Insurance Co.*, 633 F.Supp. 378 (E.D.Pa. 1986). This appeal followed.

---

* The Honorable Maryanne Trump Barry, United States District Judge for the District of New Jersey, sitting by designation.

## II.

Walasavage contends that the district court erred in dismissing her case for failure to state a claim. Our review is plenary. *Merklin v. United States of America,* 788 F.2d 172, 174 (3rd Cir.1986).

In relevant part, the Dragonetti Act provides:

(a) *Elements of action.* A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for the wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based, and

(2) The proceedings have terminated in favor of the person against whom they are brought.

(b) *Arrest or seizure of person or property not required.* The arrest or seizure of the person or property of the plaintiff shall not be a necessary element for an action brought pursuant to this subchapter.

42 Pa.Cons.Stat.Ann. § 8351. Pointing to the statutory language, Walasavage contends that she has stated a cause of action. She alleges that Nationwide took part in the continuation of civil proceedings by filing frivolous appeals for a purpose other than adjudication of the claim in which the proceedings were based, and notes that the appeals were terminated in favor of the estate. In short, Walasavage alleges that "the taking of frivolous appeals after an unsuccessful defense" at the trial level gives rise to a claim under the statute.[1] She expressly denies seeking relief for common law abuse of process or malicious use of process.

■ While the literal language of the Dragonetti Act might support Walasavage's argument, the statute cannot be read in a vacuum. The legislative history of the Act demonstrates that the primary purpose of the statute's enactment was "to abolish the old English rule" of the common law action for malicious use of civil proceedings. Remarks of Representatives Spencer and Spitz, 70 Pennsylvania Legislative Journal (House) at 2634–35 (November 19, 1980). *See Shaffer v. Stewart,* 326 Pa.Super. 135, 138–42, 473 A.2d 1017, 1019–20 (1984). The "English Rule" required a plaintiff to demonstrate arrest or seizure of property as an element of the common law claim. A secondary purpose of the enactment was to substitute gross negligence for malice as a standard of liability for such claims. 70 Pennsylvania Legislative Journal (House) at 2634–36. The legislative history gives no indication that the statute was intended to alter the common law action in any other respect. We believe, therefore, that Walasavage fails to state a claim under the Dragonetti Act unless she has stated a claim under the common law, as modified by the Act.

Our inquiry thus turns to Pennsylvania common law. We are not aware of any reported decisions addressing whether Walasavage states a claim for relief under Pennsylvania common law. Under these circumstances, we must attempt to determine how the Pennsylvania Supreme Court would rule were it faced with the question. *Brown v. Caterpillar Tractor Co.,* 696 F.2d 246, 250 (3rd Cir.1982).

■ Our research reveals no decisions recognizing that a malicious use of process claim may be based on the taking of a frivolous appeal. In addition, we have found only one reported decision recognizing that a malicious prosecution action may be predicated on the interposition of a defense. *Cisson v. Pickens Savings and Loan Association,* 258 S.C. 37, 186 S.E.2d 822 (1972). In the face of substantial contrary authority, *see Annotation,* 65 ALR 3d 901 (1975 and Supp.1986), we do not believe the Pennsylvania Supreme Court

---

**1.** Walasavage asserts that the district court misconstrued her complaint and assumed the claim was based on Nationwide's assertion of defenses at trial. The district court's memorandum opinion, however, demonstrates that the court fully understood Walasavage's claim.

**468**

would recognize such an action such as the one asserted by Walasavage.

Our interpretation of the statute is consistent with the only other reported decision of the Pennsylvania courts construing the Dragonetti Act in the face of a claim like Walasavage's. In *Young v. Sheddy*, 35 Pa.D. & C.3d 78 (Lycoming Co. 1984), the court was faced with the claim that the defendant in a quiet title action had violated the Act by defending the suit. The court determined that no action could be maintained on such a claim. It concluded

> ... [A]llowing individuals to be sued under this act for defending prior actions ... would place a considerable burden on the courts by creating a never ending progression of litigation[,] as well as hav[e] a chilling effect upon an individual's ability or willingness to defend a suit for fear that he may thereby become liable in a second suit. We do not believe such a result was ever intended.

*Young*, 35 Pa.D. & C.3d at 82. *See also Shaffer*, 326 Pa.Super. at 138, 473 A.2d at 1019 (noting that tort of malicious use of process has been codified, and stating that it "arises when a party institutes a lawsuit with a malicious motive and lacking probable cause.")

Under these circumstances, the district court did not err in dismissing the case for failure to state a claim.

### III.

·For the foregoing reasons, the judgment of the district court will be affirmed.