612 A.2d 1349

COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Appellant,

v.

Irving PORTNOY, Esq.; John Quinn, Esq.; Evans, Rosen, Portnoy, Quinn and Donohue, a law firm and partnership.

Supreme Court of Pennsylvania.

Argued March 9, 1992.

Decided June 17, 1992.

Jason W. Manne, Asst. Counsel, Dept. of Public Welfare, Pittsburgh, for appellant.

William R. Caroselli, Caroselli, Spagnoli & Beachler, Pittsburgh, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## ORDER

PER CURIAM:

Order of Commonwealth Court affirmed.

NIX, C.J., files a concurring opinion.

FLAHERTY and McDERMOTT, JJ., dissent.

NIX, Chief Justice, concurring.

I reluctantly concur in the affirmance of the Commonwealth Court's order affirming the dismissal of the complaint of appellant's suit against appellee attorneys, in light of our per curiam affirmance in *Commonwealth of Pennsylvania, Department of Public Welfare v. Thomas,* 526 Pa. 540, 587 A.2d 727 (1991).

However, I must write separately to exhort the General Assembly to amend Chapter XIV of the Public Welfare Code, 62 P.S. §§ 1401, *et seq.,* to provide remedies and/or penalties against attorneys who knowingly violate the Public Welfare Code. These benefits are public funds which are paid for by the taxpayers. I find it unconscionable that an attorney, who is charged with knowledge of the law and is aware that his client has received public assistance, would fail to notify the Department of Public Welfare that his client has been reimbursed for injuries already paid for by the Commonwealth. The law clearly establishes an obligation on the attorney to advise the Department of Public Welfare, 62 P.S. § 1409(b)(12), but fails to provide a remedy or sanction against an attorney who neglects that duty. The legislature should seriously consider establishing a sanction for those who fail to comply.