620 A.2d 673

**James M. NEILL, Appellant,**

v.

**Mary C. EBERLE, Charles H. Hoeflich, Robert A. Holland, Ralph Ketterer, A. Warren Kuly, Jr., Barbara Thomas and Kenneth Wasser.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 25, 1992.

Decided Jan. 29, 1993.

Reargument Denied March 22, 1993.

James M. Neill, appellant, for himself.

Donald Applestein, for appellees.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

BLATT, Senior Judge.

James M. Neill (landowner) appeals from an order of the Court of Common Pleas of Bucks County (trial court) which sustained the preliminary objections of Mary C. Eberle, Charles H. Hoeflich, Robert A. Holland, Ralph Ketterer, A. Warren Kuly, Jr., Barbara Thomas, and Kenneth Wasser (collectively appellees) to the landowner's claims of abuse of process and wrongful use of civil proceedings.[1] We affirm.

A proper analysis of the claims requires a brief review of the procedural history of this action. The landowner owns a thirty acre parcel in Bedminster Township which had previously been used as a camp. He sought a special exception for conversion of seven of the buildings (manor house, farmhouse, two ranchhouses, barn, gymnasium and cottage) located thereon into sixteen residential units pursuant to Section 405(B)(10) of the Township Ordinance.[2] The Zoning Hearing Board (Board) asked the claimant if he would consent to a condition limiting development to the uses set forth in the application. He refused. The application was subsequently denied by the Board which found the conversion provision inapplicable because the dilapidated condition of the buildings would require rebuilding rather than mere conversion of an "existing" building; because the ordinance was intended to provide for the conversion of large farmhouses and not a children's camp; and because of concerns that the landowner would later seek approval for an apartment complex and subdivision.

1. The landowner imprecisely identifies the latter statutory claim by its common law tort name "malicious use of process."

2. Section 405(B)(10) provides for "[t]he conversion of an existing building into two or more dwelling units or the conversion of an accessory building into one or more dwelling units" and provides for the attachment of conditions relating to the appearance of the structures, wastewater treatment systems, cooking and sanitary facilities, trash receptacle screens, parking, minimum yard requirements, and minimum per unit floor area.

The landowner appealed the denial of the conversion to the Court of Common Pleas. Bedminster Township filed a motion to intervene pursuant to Section 1004–A of the Pennsylvania Municipalities Planning Code (MPC).[3] The trial court held that the conversion ordinance was applicable to the property, reversed the decision of the Board, and remanded with the direction that the Board grant the special exception subject to any reasonable conditions which the Board deemed appropriate.

The Township appealed the trial court's decision to this Court which held that the trial court erred in ordering the Board to grant the application and remanded the matter to the trial court with directions to remand to the Board for findings of fact regarding whether the application complied with the requirements and conditions of the conversion ordinance. *Neill v. Bedminster Twp. Zoning Hearing Bd.*, 140 Pa.Commonwealth Ct. 365, 592 A.2d 1385 (1991). We held that the Board abused its discretion by narrowly interpreting the term "residential conversion" to preclude the requested development of the property and that the record lacked crucial findings as to whether the plan complied with the requirements of the conversion ordinance.

The landowner then filed a suit against each of the appellees alleging abuse of process and against Holland, Kulp, Thomas, and Eberle alleging wrongful use of civil proceedings.[4] Appellees Hoeflich, Ketterer and Wasser are Board members; Holland, Kulp and Thomas are members of the Board of Supervisors (Supervisors); and Eberle is the solicitor for the Board of Supervisors.

The appellees filed preliminary objections in the nature of demurrers alleging that the landowner failed to state causes of action for abuse of process and wrongful use of civil proceedings. The trial court sustained the objections and dismissed the complaint, finding that the request for the condition and

3. Act of July 31, 1968, P.L. 805, *as amended*, added by Section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11004–A.

4. The filing of this suit predated the decision of the Board on the special exception application following remand by this Court.

the intervention in the zoning action were authorized by the MPC so as to preclude an abuse of process cause of action and that there was probable cause and a termination in the landowner's favor so as to preclude a "malicious prosecution" cause of action. The landowner appeals here from the trial court's order.[5]

The landowner raises two issues on appeal: (1) whether the request to agree to a non-development condition and subsequent denial of the application supports an abuse of process cause of action and (2) whether the Township's intervention in the landowner's appeal and its own appeal of the Court of Common Pleas' reversal to this Court supports a wrongful use of civil proceedings cause of action. When reviewing a trial court order sustaining preliminary objections in the nature of a demurrer, this Court is limited to determining whether the trial court abused its discretion or committed an error of law. *Muncy Creek Township Citizens Comm. v. Shipman*, 132 Pa.Commonwealth Ct. 543, 573 A.2d 662 (1990).

Preliminary objections in the nature of a demurrer test the legal sufficiency of a complaint. All well-pleaded facts set forth in the complaint and all inferences reasonably deducible therefrom are accepted as true, *Foster v. Health Market, Inc.*, 146 Pa.Commonwealth Ct. 156, 604 A.2d 1198 (1992), but conclusions of law, unwarranted inferences from facts, argumentative allegations, and expressions of opinion are not admitted. *Dep't of Public Welfare v. Portnoy*, 129 Pa.Commonwealth Ct. 469, 566 A.2d 336 (1989), *affirmed*, 531 Pa. 320, 612 A.2d 1349 (1992). Preliminary objections should be sustained only where it appears with certainty that the law will not permit recovery on the facts presented. *Bickert v. Borough of Riverside*, 118 Pa.Commonwealth Ct. 91, 545 A.2d 962 (1988).

## ABUSE OF PROCESS

To establish a common law cause of action for abuse of process "[s]ome definite act or threat not authorized by the

---

5. Pursuant to Pa.R.A.P. 751, the Superior Court transferred the appeal to this Court by per curiam order dated May 20, 1992.

process, or aimed at an objective not legitimate in the use of process, is required." *Dietrich Indus., Inc. v. Abrams,* 309 Pa.Superior Ct. 202, 212, 455 A.2d 119, 125 (1982). The touchstone of the action is a perversion of the process for a purpose for which it was not intended. *Triester v. 191 Tenants Ass'n,* 272 Pa.Superior Ct. 271, 415 A.2d 698 (1979).

The landowner first argues that the Board's attempt to extract a concession precluding further development of his property was unlawful and exceeded the requirements and applicable conditions for a conversion. He argues that this fact, coupled with the facts that the request was made off-the-record, that it would effect a total ban on future development, that there was no evidence in the record supporting its necessity, and that upon his refusal the appellees denied the application, state a cause of action for abuse of process. He also argues that the Township's intervention in his appeal, the township solicitor's role in advising such intervention, and the Township's subsequent appeal also state a cause of action for abuse of process.

■ The claim of abuse of process because of the Township's intervention in the landowner's appeal, as advised by the solicitor, and subsequent appeal must fail. The right to intervene in a zoning appeal from a decision of a municipal board or agency is expressly authorized by Section 11009 of the MPC [6] and the landowner makes no factual assertions which would support the argument that these acts were undertaken to pervert the proceedings initiated by the claimant.

■ In the abstract, the allegations surrounding the Board's request for agreement to a non-development condition not otherwise provided for in the conversion ordinance suggest a tenable claim of abuse of process; but, upon close examination, this claim must also fail. The Board simply sought an advance agreement that would address its concerns regarding the adverse impact of future development of the site. A perversion of the process is not evidenced where the landown-

6. 53 P.S. § 11009.

er's refusal to agree to the request was followed by a denial of his application when, in the regular course of the proceedings, the Board determined, albeit erroneously, that the conversion ordinance was simply inapplicable.

## WRONGFUL USE OF CIVIL PROCEEDINGS

■ The landowner next argues that the Supervisors' intervention in the landowner's appeal, the solicitor's advice to intervene, and tl township's subsequent appeal state a cause of action for wrongful use of civil proceedings. The common law tort of malicious use of process was codified as the statutory cause of action of wrongful use of civil proceedings as follows:

> A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings [if]: (1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and (2) The proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S. § 8351. To succeed on a cause of action for wrongful use of civil proceedings a plaintiff must allege and prove each element. *Kelly-Springfield Tire Co. v. D'Ambro*, 408 Pa.Superior Ct. 301, 305, 596 A.2d 867, 869 (1991); *Ludmer v. Nernberg*, 520 Pa. 218, 553 A.2d 924 (1989).

The landowner contends that each element of the cause of action has been established. He argues that the township's intervention in the landowner's appeal and subsequent appeal of the trial court's decision was for an improper purpose—the protection and enforcement of illegally imposed conditions and the delay of proper adjudication—and that the proceedings terminated in his favor when this Court ordered a remand for findings of fact on whether the application met the requirements of the conversion ordinance.

The fact of the township's intervention in the landowner's appeal and its subsequent appeal of the adverse decision of the

trial court to this Court does not evidence the "procurement, initiation or continuation of civil proceedings *against* another" for an improper purpose or in the absence of probable cause, but illustrates the legitimate exercise of the township's statutory and appellate rights. Having found that the claimant has not adequately alleged the first element, we need not address his contention that our prior decision constituted a termination in his favor.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this the 29th day of January, 1993, the order of the Court of Common Pleas of Bucks County is hereby affirmed.