627 A.2d 190

**Paul R. ROSEN, Esquire, Appellant,**

**v.**

**AMERICAN BANK OF ROLLA and Charles Golin, Esquire, Appellees.**

Superior Court of Pennsylvania.

Argued Feb. 10, 1993.

Filed June 28, 1993.

378

Ann Miller, Philadelphia, for appellant.

Catherine N. Jasons, Philadelphia, for American Bank, appellee.

William B. Hildebrand, Philadelphia, for Golin, appellee.

Before CAVANAUGH, WIEAND and CIRILLO, JJ.

WIEAND, Judge:

The issue in this appeal is whether a cause of action for the malicious abuse or wrongful use of process can be maintained by a non-party witness who has been subpoenaed to appear

and give testimony in aid of execution in a legitimate and proper underlying action. The trial court held that no such action could be maintained and sustained preliminary objections in the nature of a demurrer to the complaint.[1] The plaintiff appealed. For the reasons hereafter stated, we affirm.

American Bank of Rolla, a Missouri bank, recovered a judgment against Robert Martin for one hundred thirty-three thousand, three hundred forty-seven and $^{57}/_{100}$ ($133,347.57) dollars in the Circuit Court for St. Charles, Missouri. On July 18, 1985, the judgment was transferred to Pennsylvania and recorded in the Court of Common Pleas of Lancaster County. Martin's depositions in aid of execution were taken on August 26, 1985. At that time, Martin refused to disclose the terms of a settlement received in an action which he had brought against Commercial Credit Business Loans, Inc. (CCBL). Following several additional unsuccessful attempts to obtain this information from Martin and upon being referred by Martin to his lawyer, American Bank, by its Pennsylvania counsel, gave notice of an intent to take the depositions of Paul R. Rosen, Esquire, the lawyer who had represented Martin in his action against CCBL. The bank's counsel mailed to Rosen a subpoena to appear for depositions on April 17, 1986. Rosen responded in writing that the subpoena had been improperly served, that the information regarding the CCBL settlement was privileged, and that he would be engaged in a trial in San Antonio, Texas on the date of the scheduled depositions. Thereafter, an alternate date was scheduled for depositions, and Rosen was served personally with a Pennsylvania subpoena while he was in trial in Texas. The averments of the complaint do not disclose whether the subpoena was ever quashed or set aside.

Rosen then filed in Philadelphia a complaint against American Bank and its Lancaster County lawyer, Charles Golin, Esquire. The action was subsequently transferred to Lancas-

---

1. The plaintiff voluntarily withdrew a separate count for the intentional infliction of emotional distress, and the trial court's order, therefore, had the final effect of dismissing the complaint.

ter County, where several amended complaints were filed and where the court° ultimately sustained preliminary objections in the nature of a demurrer to the count alleging a cause of action for malicious use of process.

Wrongful use of civil proceedings "is a tort which arises when a party institutes a lawsuit with a malicious motive and lacking probable cause." *Shaffer v. Stewart*, 326 Pa.Super. 135, 138, 473 A.2d 1017, 1019 (1984). See: *Dietrich Industries, Inc. v. Abrams*, 309 Pa.Super. 202, 206–207, 455 A.2d 119, 122 (1982). In this Commonwealth, the tort has been codified at 42 Pa.C.S. § 8351 as follows:

### § 8351. Wrongful use of civil proceedings

(a) **Elements of action.**—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

(b) **Arrest or seizure of person or property not required.**—The arrest or seizure of the person or property of the plaintiff shall not be a necessary element for an action brought pursuant to this subchapter.

The statutory definition of the tort is now in agreement with the Restatement (Second) of Torts, § 674. *Robinson v. Robinson*, 362 Pa.Super. 568, 574, 525 A.2d 367, 370 (1987); *Shaffer v. Stewart, supra* 326 Pa.Super. at 140, 473 A.2d at 1020. "While some cases have confounded the action for abuse of process with the action for [wrongful use of civil proceedings], the two are essentially different and independent." 1 Am.Jur.2d Abuse of Process, § 2.

Decisions in this state and in other jurisdictions have drawn a distinction between actions for abuse of legal

process and those for malicious prosecution, which, when founded on civil prosecutions, are usually described as malicious use of civil process. The gist of an action for abuse of process is the improper use of process after it has been issued, that is, a perversion of it. *Mayer v. Walter,* 64 Pa. 283; Annotation, 80 A.L.R. 581. * * * Malicious use of civil process has to do with the wrongful initiation of such process, while abuse of civil process is concerned with a perversion of a process after it is issued. * * *

*Dumont Television and Radio Corp. v. Franklin Electric Co. of Philadelphia,* 397 Pa. 274, 278–279, 154 A.2d 585, 587 (1959), quoting *Publix Drug Co. v. Breyer Ice Cream Co.,* 347 Pa. 346, 348–349, 32 A.2d 413, 415 (1943).

 The tort of "abuse of process" is defined as the use of legal process against another "primarily to accomplish a purpose for which it is not designed." Restatement (Second) of Torts, § 682.

The gravamen of the misconduct for which the liability stated in this Section is imposed is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish. Therefore, it is immaterial that the process was properly issued, that it was obtained in the course of proceedings that were brought with probable cause and for a proper purpose, or even that the proceedings terminated in favor of the person instituting or initiating them. The subsequent misuse of the process, though properly obtained, constitutes the misconduct for which the liability is imposed under the rule stated in this Section.

*Id.,* comment a. The word "process" as used in the tort of abuse of process "has been interpreted broadly, and encompasses the entire range of procedures incident to the litigation process." *Nienstedt v. Wetzel,* 133 Ariz. 348, 352, 651 P.2d 876, 880, 33 A.L.R.4th 635, 641 (1982). Thus, it is broad enough to include discovery proceedings, the noticing of depositions and the issuing of subpoenas. See: *Nienstedt v.*

*Wetzel, supra; Moity v. Richard,* 476 So.2d 573 (La.App.3d Cir.1985). To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff. *Nienstedt v. Wetzel, supra* at 353, 651 P.2d at 881, 33 A.L.R.4th at 642.

> "The significance of [the word 'primarily'] is that there is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant. . . .
>
> " . . . The usual case of abuse of process is one of some form of extortion, using the process to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it."

Restatement (Second) of Torts, § 682, comment b.

 The abuse of a subpoena may subject the abuser to liability for abuse of process. See: Restatement (Second) of Torts, § 682, Illustration 3. The service of a subpoena upon a witness, however, does not subject the server to an action by the witness for the wrongful use of civil proceedings under 42 Pa.C.S. § 8351. The issuance or service of a subpoena does not constitute the initiation or commencement of a civil proceeding. The tort of wrongful use of civil proceedings entails the initiation or continuation of an action; it does not refer to the service of a subpoena during the course of a civil proceeding. This is inherent in the term "civil proceeding" and in the requirement that the "proceeding" be terminated in favor of the person against whom the proceedings were brought.

 The essence of the tort of wrongful use of civil proceedings is the institution of a civil action for a malicious purpose and without probable cause. *Weiss v. Equibank,* 313 Pa.Super. 446, 456, 460 A.2d 271, 276 (1983), quoting *Baird v. Aluminum Seal Co.,* 250 F.2d 595, 600 (3rd Cir.1957). Thus, it has been held that the filing of preliminary objections will not support an action for wrongful use of a civil proceeding.

See: *Pawlowski v. Smorto*, 403 Pa.Super. 71, 588 A.2d 36 (1991). It has also been held that a request for admissions will not support an action for wrongful use of a civil proceeding. *Twyford v. Twyford*, 63 Cal.App.3d 916, 134 Cal.Rptr. 145 (1976). Finally, it has been held that a frivolous appeal will not support an action for wrongful use of a civil proceeding. *Walsavage v. Nationwide Ins. Co.*, 633 F.Supp. 378 (E.D.Pa.1986), *affirmed*, 806 F.2d 465 (3rd Cir.1986). In all of these cases there was not a wrongful initiation or continuation of a separate civil action against the plaintiff.

▆▆▆ It has also been held that an action under 42 Pa.C.S. § 8351 cannot be maintained by one who was not a party to the underlying action. See: *Lessard v. Jersey Shore State Bank*, 702 F.Supp. 96, 98 (M.D.Pa.1988) ("The plaintiff herein, was not a party to the underlying state court action. Thus, she lacks the requisite standing and cannot set forth a cause of action under 42 Pa.C.S.A. § 8351."). Cf. *Mintz v. Bur*, 6 Pa.D. & C.3d 779, 786 (Montg.1977), *aff'd per curiam*, 257 Pa.Super. 641, 390 A.2d 311 (1978) ("The language of section 674 of the Restatement Torts 2d, indicates that a cause of action for wrongful use of civil process will not arise until civil proceedings have been brought against a party. ... Mere adversity of interest is clearly not sufficient to meet the requirements of the Restatement."). See also: *Gosling v. Ace Hardware Corp.*, 616 F.Supp. 1195, 1197 (D.C.Ill.1985).

It follows, therefore, that Rosen cannot maintain an action for wrongful use of a civil proceeding as defined by 42 Pa.C.S. § 8351. No civil proceeding was procured, instituted or continued against Rosen. The issuance of a subpoena to him in an action against a former client did not constitute the commencement of a civil action against him, as contemplated by the statute. Because there was no action against him, moreover, it could not have been decided in his favor.

▆▆▆ A review of the averments of the amended complaint demonstrates also that Rosen has failed to allege a cause of action against the defendants for abuse of process. American Bank held a valid judgment against Robert Martin.

The bank, represented by Charles Golin, Esquire, deposed Martin in aid of execution and sought to ascertain the terms of a settlement which he had reached in an action which he had earlier brought against CCBL. Martin declined to reveal the terms of the settlement and referred his interrogators to Rosen, who had been his lawyer in the CCBL action. In an effort to depose Rosen, who had declined to appear voluntarily, Golin and his client sought to subpoena Rosen. Whether the subpoena was properly served is immaterial to a cause of action for abuse of process. What is important and what appears clearly from Rosen's amended complaint is that the primary purpose of the discovery proceedings being conducted by the bank and its lawyer was in aid of execution against Martin. Rosen admittedly had relevant information. Therefore, he could properly be deposed. See: Pa.R.C.P. 3117. When Golin and American Bank sought to compel Rosen's testimony by serving him with a subpoena, they did not seek to pervert the process; nor did they pervert it in fact. They were acting precisely as the law permitted them to act and primarily, if not solely, for a purpose for which the process existed. Rosen, a lawyer himself, did not acquire a cause of action for abuse of process because he was served with a subpoena by persons entitled to inquire in aid of execution regarding relevant information which Rosen had in his possession. To permit a cause of action for abuse of process for service of a subpoena upon a witness to obtain relevant information possessed by the witness would wreak havoc with the judicial system.

Affirmed.

CAVANAUGH, J., concurs in the result.