Nancy PAPARO, Plaintiff,

v.

UNITED PARCEL SERVICE, INC., Defendant.

No. CIV. A. 99–1597.

United States District Court, E.D. Pennsylvania.

April 28, 1999.

Michael J. Dougherty, Philadelphia, PA, for Plaintiff.

Gary M. Tocci, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for Defendant.

### MEMORANDUM & ORDER

KATZ, Senior District Judge.

Before the court is defendant United Parcel Service, Inc.'s, motion to dismiss plaintiff Nancy Paparo's complaint. Because the plaintiff's complaint does not state a claim upon which relief can be granted, the defendant's motion will be granted.

*Background*[1]

Plaintiff Nancy Paparo filed a complaint against defendant United Parcel Service, Inc. (UPS), in the Court of Common Pleas of Delaware County, Pennsylvania, seeking damages from UPS for wrongful use of civil proceedings under Pennsylvania's so-called Dragonetti Act, 42 Pa.C.S.A. §§ 8351–8355. According to her complaint, Ms. Paparo was fired from her position as international training coordinator at UPS. "Plaintiff was allegedly fired by UPS for showing favoritism and making racially discriminatory remarks." Compl. ¶ 4. Ms. Paparo subsequently applied for

---

1. All facts are taken from Ms. Paparo's complaint.

and was awarded unemployment benefits. Although UPS did not respond to requests for information to be considered at the initial hearing, it appealed the award of benefits to plaintiff. UPS did not attend the hearing pertaining to that appeal, and Ms. Paparo was again awarded benefits. UPS again filed an appeal of the decision, and Ms. Paparo's case was remanded. Ultimately, the initial decision awarding benefits was affirmed.

Ms. Paparo now alleges that UPS violated the Dragonetti Act by challenging her unemployment benefits award. UPS maintains that the Dragonetti Act does not create a cause of action for "frivolous defense" or "frivolous appeal" and that plaintiff's case thus must be dismissed for failing to state a claim upon which relief may be granted.

*Discussion* [2]

As is relevant to this case, the Dragonetti Act creates a cause of action as follows:

A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings [if]:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S. § 8351(a).

■ The Dragonetti Act "permits one who is sued without probable cause to sue the original plaintiff in turn." *Electronic Lab. Supply v. Cullen,* 712 A.2d 304, 309 (Pa.Super.1998). Accordingly, to bring an action under this statute, plaintiffs must allege and prove "(1) that the underlying proceedings were terminated in their favor; (2) that defendants caused those proceedings to be instituted without probable cause; and (3) that the proceedings were instituted for an improper purpose." *Bannar v. Miller,* 701 A.2d 232, 238 (Pa.Super.1997); *see also Ludmer v. Nernberg,* 520 Pa. 218, 553 A.2d 924, 926 (1989) (describing same). As described more thoroughly below, the statute intended to modify certain aspects of the common law tort of malicious use of civil process. *See Walasavage v. Nationwide Ins. Co.,* 806 F.2d 465, 467 (3d Cir.1986).

The difficulty in the present case stems from the requirement that the defendant have "procure[d], initiat[ed] or continu[ed]" the underlying action. UPS argues that Ms. Paparo cannot now sue for wrongful use of civil process because she was the party that initiated the underlying action against UPS. The defendant maintains that the Dragonetti Act does not create any cause of action based upon "frivolous appeal" or "frivolous defense" and that such an interpretation would penalize defendants for exercising their legal and statutory rights to put forth a defense. Both Third Circuit and Pennsylvania case law supports defendant's position.

In *Walasavage v. Nationwide Insurance Company,* 806 F.2d 465 (3d Cir.1986), a similar case came before the Third Circuit. The plaintiff in the wrongful use of process

---

**2.** A motion to dismiss pursuant to Rule 12(b)(6) should be granted when there is a "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The court must determine whether "under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief," and the court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996);

*see also Holder v. City of Allentown,* 987 F.2d 188, 194 (3d Cir.1993) (same). The court should not inquire as to whether a plaintiff would ultimately prevail but only whether she is entitled to offer evidence to support her claims. *See Nami,* 82 F.3d at 65. A motion to dismiss should be granted only if the "plaintiffs could prove no set of facts that would entitle them to relief." *Id.; see also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (same).

claim .had also been the plaintiff in the underlying product liability and negligence case. She attempted to bring a wrongful use of process claim against Nationwide Insurance, which had been the insurer for Robinson Service & Equipment, Inc., one of the named defendants in the underlying action. Walasavage argued that "Robinson's appeals in the state court proceedings did not raise legitimate defenses or errors, but were taken solely to forestall Nationwide's inevitable payment of the outstanding balance of the judgment and afford Nationwide use of the money due during the course of the appeals." *Id.* at 466. The district court dismissed this case for failing to state a claim upon which relief could be granted, *see Walasavage v. Nationwide Ins. Co.,* 633 F.Supp. 378 (E.D.Pa.1986), and the Third Circuit affirmed that decision.

■ Although Walasavage argued that Nationwide had wrongfully "continued" the underlying action, the Third Circuit rejected this claim, explaining that "[w]hile the literal language of the Dragonetti Act might support Walasavage's argument, the statute cannot be read in a vacuum." *Walasavage,* 806 F.2d at 467. The court pointed out that the Act was intended to abolish the common law rule that there must be an arrest or seizure of property for an action for malicious use of civil process to lie; the Act also intended to substitute gross negligence for malice as the standard for liability. Since there was no indication that the legislature intended to alter the common law in any other respect, the court analyzed Walasavage's claim under the common law as modified by the Dragonetti Act. *See id.* at 467. Looking to Pennsylvania common law and predicting the Pennsylvania Supreme Court's decision, the court stated:

> Our research reveals no decisions recognizing that a malicious use of process claim may be based on the taking

of a frivolous appeal. In addition we have found only one reported decision recognizing that a malicious prosecution action may be predicated on the interposition of a defense. In the face of substantial contrary authority, we do not believe the Pennsylvania Supreme Court would recognize such an action as the one asserted by Walasavage.

*Id.* at 467–68 (internal citations omitted).[3] The court also referred to the only reported Pennsylvania decision on the subject, *Young v. Sheddy,* 35 Pa. D & C.3d 78 (Lycoming Co.1984), which rejected a claim that the defendant in a quiet title action violated the Dragonetti Act by defending the suit. *See Walasavage,* 806 F.2d at 468. The analysis in that decision is worth reiterating:

> [A]llowing individuals to be sued under this act for defending prior actions ... would place a considerable burden on the courts by creating a never ending progression of litigation[,] as well as hav[e] a chilling effect upon an individual's ability or willingness to defend a suit for fear that he may thereby become liable in a second suit. We do not believe such a result was ever intended.

*Young,* 35 Pa. D & C.3d at 82; *see also Walasavage,* 806 F.2d at 468 (quoting same).

■ Since the Third Circuit decided *Walasavage,* the Pennsylvania Supreme Court has not made any firm ruling on the subject; however, the decisions of the lower Pennsylvania courts support the Third Circuit's analysis in *Walasavage.* While only one Pennsylvania court seems to have cited *Walasavage,* it did so approvingly. In *Rosen v. American Bank of Rolla,* 426 Pa.Super. 376, 627 A.2d 190 (1993), the Pennsylvania Superior Court addressed the question of whether a cause of action for wrongful use of process could be maintained by a non-party witness who was

---

**3.** The only case suggesting that a malicious prosecution action could be based on the interposition of a defense was *Cisson v. Pickens*

*Savings & Loan Association,* 258 S.C. 37, 186 S.E.2d 822 (1972).

**550**

subpoenaed to appear and give testimony in a legitimate underlying action. *See id.* at 191. In holding that it could not, the court noted that the

> essence of the tort of wrongful use of civil proceedings is the *institution* of a civil action for a malicious purpose and without probable cause. Thus it has been held that the filing of preliminary objections will not support an action for wrongful use of a civil proceeding. Finally, it has been held that a frivolous appeal will not support an action for wrongful use of a civil proceeding. *Walasavage v. Nationwide Ins. Co.*, 633 F.Supp. 378 (E.D.Pa.1986), *affirmed,* 806 F.2d 465 (3d Cir.1986). In all of these cases there was not a wrongful initiation or continuation of a separate civil action against the plaintiff.

*Id.* at 193 (some internal citations, punctuation omitted).

Other Pennsylvania cases also support a restrictive reading of the statute in this respect. For example, in *Neill v. Eberle,* 153 Pa.Cmwlth. 181, 620 A.2d 673 (1993), a plaintiff claimed that a township zoning board wrongfully used civil process when denying his request for a zoning exception; he also claimed that the township itself violated the Dragonetti Act by intervening in his appeal from the denial. *See id.* at 673–74. The Commonwealth Court affirmed the trial court's dismissal of these claims, stating that the intervention in the appeal only "illustrate[d] the legitimate exercise of the township's statutory and appellate rights" rather than the "[p]rocurement, initiation or continuation of civil proceedings *against* another." *Id.* at 676. *See also Al Hamilton Contracting Co. v. Cowder,* 434 Pa.Super. 491, 644 A.2d

188, 191 (1994) (holding that plaintiff could not bring wrongful use of civil proceedings actions against individuals who requested that state officials investigate possible environmental violations by plaintiff because those private individuals did not bring underlying action; rather, the state officials did); *Pawlowski v. Smorto,* 403 Pa.Super. 71, 588 A.2d 36, 39 (1991) (holding that filing preliminary objections could not be basis for wrongful use of civil proceedings because they seek to terminate the proceedings); *Holtzman v. Holtzman,* 10 Pa. D & C.4th 217 (Dauphin Co.1991) (holding that an allegation of fact in an answer to a complaint cannot be the basis of a wrongful use of civil proceeding claim).[4]

Contrary to plaintiff's suggestion, the Superior Court's holding in *Mi–Lor, Inc. v. DiPentino,* 439 Pa.Super. 636, 654 A.2d 1156 (1995), does not support plaintiff's position. It is true that the Superior Court held that, in some circumstances, a counterclaim could form the basis of a Dragonetti Act violation if it was filed for improper purposes. *See id.* at 1158.[5] However, the Superior Court stressed that "an action for the wrongful use of a counterclaim demands that courts examine such claims closely, lest a defendant be punished for nothing more than defending himself or herself against a claim made by another." *Id.; see also Dardovitch v. Haltzman,* Civ. A. No. 97–52, 1998 WL 13271, at *8–9 (E.D.Pa. Jan.13, 1998) (rejecting wrongful use of civil process claim that was based on counterclaim because, while counterclaim was meritless, it did not rise to level of tort).

In the present case, the plaintiff claims a wrongful use of civil process based only upon UPS's defensive actions: there are

---

**4.** These holdings also comport with the formulation of this tort found in the Restatement (Second) of Torts. The Restatement explains, "To recover for use of wrongful civil proceedings, the present plaintiff must show that the present defendant, who was the plaintiff in the alleged wrongful civil proceedings, initiated or continued the proceedings[.]" Restatement (Second) of Torts § 674 cmt. i. Pennsylvania's Dragonetti Act is intended to

adopt section 674 of the Restatement. *See, e.g., Rosenfield v. Pennsylvania Auto. Ins. Plan,* 431 Pa.Super. 383, 636 A.2d 1138, 1141 (1994); *Rosen,* 627 A.2d at 192.

**5.** The court held that the counterclaim in *Mi–Lor* did not violate the Dragonetti Act. *See id.* at 1158.

no allegations in the complaint or in the plaintiff's response to the motion to dismiss that UPS did anything but exercise its rights to contest the granting of unemployment benefits; there was, for example, no counterclaim. The Pennsylvania process for obtaining unemployment benefits specifically includes provisions for employer participation. As the defendant's motion to dismiss notes, an individual is not eligible for unemployment benefits if the unemployment is "due to ... discharge or temporary suspension from work for willful misconduct connected with ... work." 43 Pa.C.S.A. § 802(e). Accordingly, the appeals provisions require that notice be given to the relevant employer, *see* 43 Pa.C.S.A. § 821(b), and an employer may file "information in writing which might raise a question as to the eligibility of the claimant." *Id.* at (c)(3). Consequently, the court cannot say that UPS initiated, procured, or continued a legal proceeding within the meaning of the statute. To so hold would permit liability to be imposed in virtually any case in which a defense was raised.

*Conclusion*

Plaintiff alleges nothing more than that UPS defended against an action for unemployment benefits initiated by the plaintiff. This cannot form the basis of a claim for wrongful use of civil proceedings, and the complaint will accordingly be dismissed for failure to state a claim upon which relief can be granted.

An appropriate order follows.

### ORDER

**AND NOW**, this day of April, 1999, upon consideration of Defendant's Motion to Dismiss, and the response thereto, it is hereby **ORDERED** that the Motion is **GRANTED.** The Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted.