**CITY OF COATESVILLE, Appellant,**

v.

**Alan J. JARVIS and Howard S. Wilson, Appellees.**

Superior Court of Pennsylvania.

Argued March 22, 2006.

Filed June 29, 2006.

Herbert Bass, Philadelphia, for appellant.

Paul C. Troy, Philadelphia, for Jarvis, appellee.

Brian D. Boreman, West Chester, for Wilson, appellee.

BEFORE: TODD, BENDER, and GANTMAN, JJ.

OPINION BY TODD, J.:

¶ 1 The City of Coatesville (the "City") appeals the May 12, 2005 order of the Chester County Court of Common Pleas granting the motions of Alan J. Jarvis and Howard S. Wilson (collectively "Appellees") for judgment on the pleadings.[1] We affirm.

¶ 2 The trial court provided the following comprehensive summary of the pertinent facts and procedural background of this case:

The City of Coatesville ("City") filed this action against [Appellees] Alan Jarvis and his client, Howard Wilson, alleg-

---

1. This case was transferred to this Court by the Commonwealth Court by order dated September 1, 2005.

ing malicious prosecution, as codified under 42 Pa.C.S. § 8351 (the Dragonetti Act). The City's claim is based on the filing of preliminary objections by [Appellee] Jarvis on behalf of [Appellee] Wilson in a condemnation proceeding in another case. On July 30, 2002, the city filed a Declaration of Taking, initiating the condemnation of property ("condemned property") located in Valley Township, Chester County. *See In re: Condemnation by the City of Coatesville of Certain Property and Property Interest,* Chester Cty. C.P. Case No. 02–06097.

Howard and Patricia Wilson bought the condemned property in 1984, though neither Howard nor Patricia (nor Patricia's estate) ever received the deed conveying the property to them and the deed was never recorded. Mr. and Mrs. Wilson were divorced in 1987. Mrs. Wilson remarried and changed her name to Patricia Gregory. Mrs. Gregory died on September 18, 1999. Mr. Wilson is the Administrator of Patricia Gregory's estate.

In January of 2002, the City initiated the present condemnation proceedings under the belief that the condemned property was owned by the railroad. The City then learned that Mr. Wilson might have an interest in the property. The City initiated a new condemnation action (Case No. 02–06097) identifying the Wilmington and Northern Railroad as the condemnee/record owner of the property and Howard Wilson ("holder of an alleged unrecorded deed") as condemnee/owner of the other condemned property interests. Howard Wilson retained Alan Jarvis to represent both himself and the estate of Patricia Gregory in the City's condemnation proceedings. On behalf of Mr. Wilson and the estate of Patricia Gregory, Mr. Jarvis filed preliminary objections challenging the Declaration of Taking filed by the City in Case No. 02–06097. In March 2004, after oral argument in Case No. 02–06097, Mr. Jarvis and Mr. Wilson learned that pursuant to the property settlement agreement entered into between Mr. Wilson and Mrs. Gregory at the time of their divorce in 1987, Mr. Wilson had relinquished his interest in the condemned property. Mr. Wilson had executed a deed conveying the condemned property to his ex-wife in January 1987 and that deed was recorded. The preliminary objections filed on behalf of Mr. Wilson were promptly withdrawn on April 2, 2004 after Mr. Jarvis and Mr. Wilson learned that Mr. Wilson had no interest in the property.

On June 18, 2004, the City filed a Praecipe to file Notice of Filing of Declaration of Taking to Additional Condemnee, Estate of Patricia A. Gregory, Deceased. The Estate of Patricia Gregory then filed a second set of preliminary objections on July 16, 2005. Neither the original preliminary objections of the estate of Patricia Gregory (filed on August 11, 2003) nor the Estate's July 16, 2004 preliminary objections have been withdrawn. The parties continue to litigate the common issues raised by both [Appellees] in the preliminary objections filed in August 2003 and July 2004, although the two sets of preliminary objections of the Gregory estate are the only ones remaining. *See In re: Condemnation by the City of Coatesville of Certain Property and Property Interest,* Chester Cty. C.P. Case No. 02–06097. This action was filed [against Appellees] by the City alleging malicious prosecution on the basis of the preliminary objections filed by Mr. Wilson.

(Order, 5/12/05, at 1 n. 1.)

¶ 3 In response to the City's complaint, Appellees filed a motion for judgment on

the pleadings, wherein they argued that the filing of preliminary objections to the City's Declaration of Taking could not be the basis of a Dragonetti claim. The trial court granted Appellees' motion, and this appeal followed, wherein the City presents a single issue for this Court's review: "Can wrongfully filed preliminary objections that improperly continue a condemnation proceeding be the basis for a wrongful use of civil proceedings claim where the party filing such preliminary objections has [no] interest in the case and no standing to file the preliminary objections?" (Appellant's Brief at 2.)

¶ 4 This Court's scope and standard of review of an appeal from the grant of judgment on the pleadings is plenary, and "[w]e must determine [whether] the action of the court below was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury." *Old Guard Ins. Co. v. Sherman,* 866 A.2d 412, 416 (Pa.Super.2004) (citation omitted). Our review, therefore, is limited to determining whether the trial court abused its discretion or committed an error law. *Id.*

¶ 5 Preliminarily, we note that in its opinion written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, the trial court concludes that the City's failure to comply with the Rule 1925(b) regarding the filing of its Concise Statement of Matters Complained of on Appeal should result in a waiver of all of the City's issues on appeal. In so concluding, the trial court notes that the City's 1925(b) statement, which resembles a pleading, spans nine pages, contains 36 paragraphs, and fails to clearly identify the precise issues complained of on appeal. In an abundance of caution, however, the trial court attempted to address what it be-

lieved to be the City's issues, namely, whether the City properly pled its cause of action, and whether the filing of preliminary objections in an eminent domain proceeding can be the basis for a Dragonetti action. (Trial Court Opinion, 7/9/05, at 2.)

¶ 6 Were it not for the diligence of the trial court in distilling the City's 1925(b) statement and addressing the issue raised by the City on appeal, we would be inclined to hold the City's issue to be waived. The City's 1925(b) statement is excessive and completely circumvents the meaning and purpose of Rule 1925(b). However, because the trial court has provided such a thorough opinion in which it addresses the issue raised by the City, we cannot say that our appellate review has been impeded. Accordingly, we will address the City's issue on the merits. We strongly advise the City, however, to conform its future 1925(b) statements to the rules of appellate procedure.

¶ 7 We turn now to the merits of the City's issue raised on appeal. The Dragonetti Act, which defines an action for the wrongful use of civil proceedings, provides, in relevant part:

(a) **Elements of action.**—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for the wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S.A. § 8351(a).

¶ 8 The precise issue of whether the filing of preliminary objections in a con-

demnation proceeding constitutes a "procurement, initiation or continuation" of that proceeding as contemplated by the Dragonetti Act appears to be an issue of first impression. The trial court in the instant case concluded that "the filing of preliminary objections in an eminent domain proceeding is ... akin to filing an answer in a civil case and thus constitutes neither an initiation nor a continuation of civil proceedings within the meaning of the Dragonetti Act." (Order, 5/12/05, at 1 n. 1.) In so concluding, the trial court cited this Court's decisions in *Pawlowski v. Smorto*, 403 Pa.Super. 71, 588 A.2d 36 (1991), and *Rosen v. American Bank of Rolla*, 426 Pa.Super. 376, 627 A.2d 190 (1993). In *Pawlowski*, this Court held that the filing of preliminary objections which raised a question of jurisdiction could not form the basis of an action for wrongful use of civil proceedings "because the filing of such preliminary objections, which seek to terminate the proceedings, quite obviously is not the 'procurement, initiation or continuation of civil proceedings,' as is required under [Section 8351]." 403 Pa.Super. at 77–78, 588 A.2d at 39. In *Rosen*, we reaffirmed our holding in *Pawlowski* and further noted that a frivolous appeal also would not support an action for a wrongful use of civil proceedings. *Rosen*, 426 Pa.Super. at 382–83, 627 A.2d at 193.

¶ 9 The City, however, argues that the trial court's reliance on *Pawlowski* and *Rosen* is misplaced because preliminary objections in an eminent domain case and preliminary objections in a civil proceeding are fundamentally different, in that civil preliminary objections are defensive in nature, while eminent domain preliminary objections are offensive in nature. In so arguing, the City makes much of the fact that the notice required in a civil complaint by Rule 1018.1 of the Pennsylvania Rules of Civil Procedure uses the term "defend", while the notice required under Section 1–405(c)(12) of the Eminent Domain Code uses the term "challenge." 26 P.S. § 1–405(c)(12). The City further contends that the filing of preliminary objections in an eminent domain case is more akin to the filing of a complaint or counterclaim in a civil proceeding based on, *inter alia*, the respective burdens of proof and the entitlement to damages and/or costs and fees. Finally, the City cites the case of *Shaffer v. Stewart*, 326 Pa.Super. 135, 473 A.2d 1017 (1984), for the proposition that a challenge to a legal action can be the basis for an action for wrongful use of civil proceedings. We are not persuaded by the City's arguments.

¶ 10 Initially, we note that the City cites no authority to support its suggestion that the filing of preliminary objections in an eminent domain case is akin to a complaint or a counterclaim in a civil proceeding. Moreover, to the extent the City relies on *Mi–Lor, Inc. v. DiPentino*, 439 Pa.Super. 636, 654 A.2d 1156 (1995), for the proposition that the filing of a counterclaim may constitute a continuation of a civil proceeding under Section 8351, we stressed in that case that "an action for the wrongful use of a counterclaim demands that courts examine such claims closely, lest a defendant be punished for nothing more than defending himself or herself against a claim made by another." *Id.* at 641, 654 A.2d at 1158. Thus, even if we were to treat Appellees' filing of preliminary objections in the condemnation proceeding as a counterclaim, such treatment would not necessarily inure to the benefit of the City.

¶ 11 Furthermore, we find the *Shaffer* case factually distinguishable in that that case involved an attorney who, without cause, filed a caveat to the probate of a will

for the sole purpose of extorting a settlement in favor of disinterested parties. In holding that such act constituted a malicious use of process under Section 8351, this Court explained that the filing of the caveat *initiated* a civil proceeding, and the subsequent dismissal of the caveat was a termination of the proceeding.

¶ 12 Indeed, we agree with the trial court in the instant case that the filing of preliminary objections in a condemnation proceeding does not constitute a procurement, initiation, or continuation of a civil proceeding for purposes of the Dragonetti Act. We also find the district court's opinion in *Paparo v. United Parcel Serv., Inc.*, 43 F.Supp.2d 547 (E.D.Pa.1999), to be instructive. In *Paparo*, the plaintiff was fired from her position as a training coordinator for the defendant ("UPS"), allegedly for showing favoritism and making racially discriminatory remarks. Paparo subsequently applied for and was awarded unemployment benefits. UPS appealed the award of benefits, but failed to attend the hearing thereon. After Paparo was again awarded benefits, UPS filed a second appeal, and Paparo's case was remanded. Ultimately, the decision awarding benefits was affirmed. Paparo then filed a complaint seeking damages under the Dragonetti Act based on UPS' challenge to her award of benefits.

¶ 13 UPS argued that Paparo could not sue for wrongful use of civil process because she was the party that initiated the underlying action. UPS further maintained that there was no cause of action under the Dragonetti Act for frivolous appeals or frivolous defenses, and that "such an interpretation would penalize defendants for exercising their legal and statutory rights to put forth a defense." *Id.* at 548. The district court held that "[b]oth Third Circuit and Pennsylvania case law" supported UPS' position. *Id.* In particular, the district court considered the Third Circuit's holding in *Walasavage v. Nationwide Ins. Co.*, 806 F.2d 465 (3d Cir.1986), wherein the plaintiff argued in a Dragonetti action that the defendant insurance company's appeal in state court proceedings did not raise legitimate defenses or errors, but were taken merely to delay payment of judgment to the plaintiff. The Third Circuit rejected Walasavage's claim that the insurance company wrongfully "continued" the underlying action.

¶ 14 Finally, we reject the City's suggestion that because the notice required in a civil complaint by Rule 1018.1 utilizes the term "defend", while the notice required under Section 1–405(c)(12) of the Eminent Domain Code uses the term "challenge," preliminary objections filed in a condemnation proceeding should be considered offensive, as opposed to defensive. Indeed, as we noted in *Paparo* with respect to the process for obtaining unemployment benefits, which permits an employer to file an information raising questions as to the eligibility of the claimant, Section 1–405(c)(12) of the Eminent Domain Code specifically includes a provision by which a potential condemnee may challenge the condemnor's right to appropriate the condemned property. Thus, as we concluded in *Paparo*, we cannot say that Appellant "initiated, procured, or continued a legal proceeding within the meaning of the statute. To so hold would permit liability to be imposed in virtually any case in which a defense was raised." *Paparo*, 43 F.Supp.2d at 551.

¶ 15 Accordingly, for all of the reasons set forth above, we affirm the trial court's order granting Appellant's motion for judgment on the pleadings.

¶ 16 Order **AFFIRMED.**