FORET, Judge.
This is a suit for abuse of process. Plaintiff, Warren J. Moity, Sr., sought damages from defendants, Felix A. DeJean, III and Theresa Boudreaux, for having him subpoenaed and sequestered [1]. The sole issue before us is whether plaintiff proved that defendants’ conduct in subpoenaing and sequestering him constituted abuse of process.
FACTS
Plaintiff, Warren J. Moity, Sr., was subpoenaed by Attorney Felix A. DeJean, III as a witness to appear at a child support and alimony rule set for hearing on December 18, 1970. The two parties to the rule were plaintiffs brother-in-law, Murphy Richard, and defendant, Theresa Bou-dreaux. Attorney DeJean was representing Theresa Boudreaux. Plaintiff was subpoenaed because of his knowledge of a debt, embodied in a note, which the marital community of Murphy Richard and Theresa Boudreaux allegedly owed to the estate of Richard’s father. About a week before the trial, the matter of the note was settled, it being agreed that the note would not be introduced into evidence at the child support and alimony hearing. At this point, Attorney DeJean no longer had any need for plaintiff’s testimony.
When plaintiff showed up in the courtroom the day of the child support and alimony hearing, he was sequestered along with all of the other witnesses. He was never called to testify. Plaintiff alleges that because of his sequestration, he missed a business meeting in New Orleans and, that as a result, he lost a “job” which would have paid him between $15,000 and $20,000.
ABUSE OF PROCESS
Plaintiff has alleged that at the time of the hearing defendants knew that they had no need for his testimony, but refused to release him from the subpoena as a means of harassing and embarrassing him. At the trial of the matter now before us, DeJe-an testified that after it was agreed that the note would not be used, he had informed Mr. Sykes, the husband’s attorney, that he would not require plaintiff’s presence at the rule. Plaintiff disputes this, but Sykes could not testify that he was not, in fact, so informed by DeJean. Although DeJean was aware of plaintiff’s presence in the courtroom the day of the alimony and child support hearing, he testified that he assumed that plaintiff was in court on behalf of plaintiff’s brother-in-law, and not in response to his subpoena.
*575 The tort of abuse of process has two essential elements: the existence of an ulterior motive and a wilful act in the use of process not proper in the regular conduct of the proceeding. Vasseur v. Eunice Superette, Inc., 386 So.2d 692 (La.App. 3 Cir.1980); Stark v. Eunice Superette, Inc., 457 So.2d 291 (La.App. 3 Cir.1984), writ denied, 461 So.2d 316 (La.1984); Succession of Cutrer v. Curtis, 341 So.2d 1209 (La.App. 1 Cir.1976), writ denied, 343 So.2d 201 (La.1977). Plaintiff simply has made no showing of any ulterior motive on the part of defendants. From all appearances, it seems that plaintiff was made to appear in court and sequestered as a result of a misunderstanding. The evidence fully supports the decision of the trial court.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are to be paid by plaintiff-appellant.
AFFIRMED.

. Plaintiffs petition alleges two separate causes of action: one for abuse of process and another for defamation. With respect to his action for defamation, plaintiff named two additional defendants, John Brown and Grace Markantel Boudreaux Brown. The action for abuse of process was tried separately from the one for defamation, and the latter is not before us on appeal.