J-A02034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT F. PASKO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN P. CORCORAN, JR., ESQUIRE, | : | No. 939 WDA 2021 |
| THOMAS J. DEMPSEY, JR., ESQUIRE | : | |
| AND JONES, GREGG, CREEHAN & | : | |
| GERACE, LLP, A PENNSYLVANIA | : | |
| LIMITED PARTNERSHIP | : | |

Appeal from the Order Entered June 29, 2021
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD No. 20-005051

BEFORE:  OLSON, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED: FEBRUARY 9, 2022**

Robert F. Pasko (Pasko) appeals from the order of the Court of Common Pleas of Allegheny County (trial court) granting judgment on the pleadings in favor of John P. Corcoran, Jr., Esq., Thomas J. Dempsey, Jr., Esq., and their law firm, Jones, Gregg, Creehan & Gerace, LLP (collectively, Law Firm) and dismissing Pasko's abuse of process action.  We affirm.

This appeal involves conduct in the negotiating process that took place to resolve an orphans' court proceeding that was filed by Pasko and defended by the Law Firm.  Pasko was executor and a residual beneficiary of the estate

---

[*] Retired Senior Judge assigned to the Superior Court.

of his aunt, Frances L. Patton. After her death, her husband, Robert W. Patton (Patton), claimed the proceeds of her IRA account. Asserting that the proceeds belonged to the estate under a post-nuptial agreement, Pasko (along with another nephew) filed an action against Patton, who was represented by the Law Firm. When Patton passed away not long after the action was filed, his estate was substituted as the defendant. Pasko's action was ultimately transferred to the orphans' court and consolidated as an issue in the administration of Patton's estate.

The parties eventually reached an agreement in principle to a 50/50 split of the IRA account, the terms of which were placed on the record on April 16, 2018. The parties agreed that an independent evaluator would determine the amounts for distribution and that this determination would take into consideration that Patton's heirs would be subject to an inheritance tax. On July 23, 2018, the parties memorialized their agreement in a consent decree which provided that the evaluator's determination would be made "upon consultation and cooperation with counsel for all parties." The parties later reached an agreement on the amounts of distribution, and that agreement was finalized with the entry of a final consent decree on February 11, 2019.

On April 13, 2020, Pasko filed a *pro se* action that made claims against the Law Firm for abuse of process in their conduct negotiating the settlement of the underlying testamentary action. In short, Pasko alleged that the nearly ten-month delay in finalizing the distribution amount was intentionally caused

by the Law Firm for the purpose of harassing him and causing him to incur additional attorney's fees and costs.

As Pasko alleged in his subsequent amended complaint, the Law Firm had to be prompted several times over the three-month period from April to July 2018 to agree to entry of the first consent decree. Next, the Law Firm failed to obtain the necessary documents for the independent evaluator to make her evaluation, eventually leading to Pasko having to obtain the documents for her. Pasko also alleged that the Law Firm unilaterally communicated with the evaluator in disputing her first computation of the settlement proceeds and suggesting alternative computations. This caused further delay and the parties ultimately going to the orphans' court for a November 2018 hearing. At that hearing, Pasko contended, the Law Firm made several misrepresentations about the alternative computations.

After filing its answer and new matter, the Law Firm moved for judgment on the pleadings. Following receipt of Pasko's response, the trial court granted the motion and dismissed the action with prejudice. Pasko then filed this appeal, contending as the sole issue "[w]hether the [trial court] erred as a matter of law and/or abused its discretion by granting [the Law Firm's] Motion for Judgment on the Pleadings[?]" Pasko's Brief at 4.[1]

---

[1] Our standard and scope of review in this matter are as follows:

*(Footnote Continued Next Page)*

A claim of abuse of process

is defined as the use of legal process against another primarily to accomplish a purpose for which it is not designed. To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff. ... The gravamen of abuse of process is the perversion of the particular legal process for a purpose of benefit to the defendant, which is not an authorized goal of the procedure. In support of this claim, the [plaintiff] must show some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process ...; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.

**Greenberg v. McGraw**, 161 A.3d 976, 990 (Pa. Super. 2017) (citations omitted) (emphasis omitted).

Concerning the first element, "[t]he word process … has been interpreted broadly, and encompasses the entire range of procedures incident to the litigation process." **Shiner v. Moriarty**, 706 A.2d 1228, 1237 (Pa.

---

Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.

We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

**Erie Ins. Exch. v. King**, 246 A.3d 332, 336 (Pa. Super. 2021) (citation omitted).

- 4 -

Super. 1998) (citation omitted). As a result, "process" has been found "broad enough to include discovery proceedings, the noticing of depositions and the issuing of subpoenas." **Rosen v. American Bank of Rolla**, 627 A.2d 190, 192 (Pa. Super. 1993).

Pasko asserts that the Law Firm abused "the negotiating process after the Consent Decree was placed on the record as well as an actual court proceeding when [the Law Firm] misrepresented facts to the Court." Pasko's Brief at 11. Pasko, however, cites no case law from this Court or any other, for that matter, to support the notion that an abuse of process action can be maintained against an opposing party for its conduct in negotiating a settlement. While what is "process" has been interpreted broadly to include all types of legal actions, what is "process" still requires that it flow out of a legal filing, not unhappiness with the way the other side conducted itself during the proceedings.

If indeed the conduct of the Law Firm was overly aggressive, ill-mannered or dilatory and calculated for the purpose of harassing him to cause him additional attorney's fees and costs, Pasko should have sought sanctions against the Law Firm in the orphans' court; after all, it was its consent decree which was at issue. Accordingly, bad faith negotiating is not the type of process that is actionable under an abuse of process claim and we agree with the orphans' court's dismissal of the action with prejudice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2022