J-A28013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TERESA O'BRIEN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOSE A. DELA PENA A/K/A ALFREDO DELA PENA A/K/A J. ALFREDO DELA PENA AND COLUMBUS PROPERTY MANAGEMENT AND DEVELOPMENT, INC. | |
| Appellees | No. 3162 EDA 2013 |

Appeal from the Judgment Entered on October 10, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No.: 00098 April Term, 2012

BEFORE: GANTMAN, P.J., WECHT, J., and JENKINS, J.

CONCURRING MEMORANDUM BY WECHT, J.: **FILED JANUARY 14, 2015**

With respect to Appellant's claim that the trial court erred in failing to hold Appellees to their putative promise not to raise a defense to liability at trial in this matter, I join the learned majority only to the extent that it determines that Appellant failed duly to preserve the issue duly at trial. *See Dilliplaine v. Lehigh Valley Trust Co.*, 322 A.2d 114, 117 (Pa. 1974) (noting that requiring a timely and specific objection "will remove the advantage formerly enjoyed by the unprepared trial lawyer who looked to the appellate court to compensate for his trial omissions"); *see Bannar v. Miller*, 701 A.2d 242, 250 & n.2 (Pa. Super. 1997) (finding a challenge to jury instructions waived where the relevant objection concerned only the form of the verdict slip and neither specifically nor generally implicated the

challenged instructions; "[T]he record in fact shows only that they were 'very concerned' about the charge and expressed their disagreement with it"); ***Gbur v. Golio***, 963 A.2d 443, 454 (Pa. 2009) (holding that appellant's failure to specify before trial the statutory sub-provision upon which appellate relief later was sought waived that legal theory on appeal).[1] However, I do not subscribe to the majority's alternative bases for denying relief, which in any event are unnecessary to our disposition.

First, I do not subscribe to the majority's determination that Appellant's concise statement of the errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was insufficiently specific, in itself, to raise the issues now argued by Appellant. That seems to me a closer question, and the trial court plainly understood and addressed the substance of Appellant's argument that Appellee's counsel's actions constituted judicial admissions. ***See, e.g., City of Coatesville v. Jarvis***, 902 A.2d 1249, 1251 (Pa Super. 2006) ("[B]ecause the trial court has provided such a thorough opinion in which it addresses the issue raised by the City, we cannot say that our appellate review has been impeded.").

Second, I cannot join the majority's discussion regarding the merits of the underlying issue. I believe the facts and circumstances of this case

---

[1]    I also join the majority's rejection of Appellant's challenge to the trial court's refusal to grant Appellant's weight of the evidence challenge to the jury's determination that Appellees were not liable for Appellant's damages.

would support an at least colorable claim for relief under principles of estoppel, had it been duly preserved in the trial court and argued before this Court. Unfortunately for Appellant, it was not.

I also must express my displeasure with the underhanded conduct of counsel for Appellee in this matter ("Counsel"). Counsel has not materially disputed Appellant's attorney's representations regarding their mutual understanding, in the months leading up to trial, that Appellee would concede liability and focus upon contesting Appellant's injury and damage claims, an agreement undisputedly memorialized in numerous communications between the parties' attorneys over a period of months and in at least one motion filed in the trial court. Beneath Appellant's somewhat overwrought prophecies of doom for the legal profession[2] lies more than a kernel of truth: It is imperative that lawyers make only representations that they are authorized by their clients to make, and that they honor their promises in the breach.

---

[2] ***See, inter alia,*** Reply Brief for Appellant at 1 ("At issue in the present case is integrity and professionalism in the practice of law. The position of the defendant is a sad commentary on the attitude of some lawyers to the current status of the profession. To counsel for the defendant, an attorney's promise . . . means little. . . . The Trial Court, the keeper of the gate, did little to protect the integrity of the system."); ***id*** at 2-3 ("The issue in this case is ***not*** prejudice. That is not the point. Instead, the issue is the conduct of counsel. . . . No arguments, no legal sleight of hand and no back-pedaling can justify the actions of counsel in rescinding [her] representations. . . . To attempt to justify such conduct under the 'no harm, no foul' rubric acts only to demean our proud profession.").

I also find incredible Appellee's claims that Appellant was not, in any event, prejudiced by Counsel's breach of good faith in reneging on an agreement upon which Appellant's counsel relied in formulating his strategy. As Appellant aptly notes, had Appellee been held to Counsel's representations, the jury would have been precluded from finding no negligence, and would have been left only to consider causation and/or damages. That the jury was not so precluded, and that it ultimately ruled that Appellee was not liable for Appellant's harm, leaves wide open the question whether, had negligence been conceded, the jury might have found causation and awarded damages. To argue that a party who loses a case was not prejudiced when a concession that would have taken the ultimately dispositive inquiry out of the jury's hands strikes me as untenable if not, at least under these circumstances, disingenuous.[3] It is true that the jury still might have found that no damages were warranted, but it could not have disposed of the case based upon liability alone, as it did.

In short, it is my opinion that Appellee's counsel has, for want of a better phrase, gotten away with at best careless, and at worst improper,

---

[3] My views are reinforced by the fact that Counsel now maintains that her oft-signaled intent to concede liability at trial was not beneficial to her client. It beggars belief that she would concede a disputable and potentially dispositive question in the case unless she perceived some benefit to her client in doing so. If she did not perceive such a benefit, her proposed concession arguably violated her professional obligation to zealously protect her client's interests.

conduct thanks only to the good fortune that arose thanks to her adversary's failure duly to preserve potentially meritorious challenges to her actions. In so doing, Counsel compromised the goodwill amongst attorneys that is so critical to ensuring the effectuation of substantial justice in our adversarial but, ideally, honest and professional judicial system. That procedural limitations operate to place Counsel's conduct outside our rectifying grasp should not be mistaken for judicial indifference or approval of Counsel's regrettable behavior.