NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2224
_____

MICHELLE SHUTT,
                                        Appellant

v.

STACY PARKS MILLER, individually and in her official capacity;
CENTRE COUNTY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-16-cv-01575)
District Judge: Honorable Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 22, 2018

Before: HARDIMAN, VANASKIE, and SHWARTZ, *Circuit Judges*.

(Filed: February 9, 2018)
_____

OPINION[*]
_____

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Michelle Shutt appeals an order of the District Court dismissing her civil rights claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We will affirm.

I[1]

This appeal is the second skirmish to reach us between Shutt, a paralegal, and her former employer, Stacy Parks Miller, who served as Centre County District Attorney from 2009–2017. In the first go-round, Parks Miller filed a 13-count complaint against Shutt and 11 others. The District Court dismissed that complaint in its entirety, and Parks Miller appealed. On August 2, 2017, a panel of this Court affirmed the District Court in all respects save one. *Miller v. County of Centre*, 702 F. App'x 69 (3d Cir. 2017). Our opinion in that case provides additional context to this appeal.

After she resigned her position in the Office of the District Attorney, Shutt began working as a paralegal for Philip Masorti, a criminal defense lawyer in State College, Pennsylvania. While working for Masorti, Shutt signed an affidavit that described purported misconduct by District Attorney Parks Miller. Shutt gave the affidavit and supporting emails to Masorti, who filed a complaint against Parks Miller with the Bellefonte Police Department. This provoked an investigation of Parks Miller, and Shutt

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's order granting a motion to dismiss. *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008). We "review the District Court's denial of leave to amend for abuse of discretion, and review de novo its determination that amendment would be futile." *United States ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014).

testified before a grand jury in the matter. The day she was cleared by the grand jury, Parks Miller held a press conference at which she called Shutt a "liar" and "conniving," claimed Shutt lied on her job application for her position in Parks Miller's office, stated that Shutt had "committed at least three crimes" including felony perjury, and "demand[ed] that Shutt and anyone else who assisted, encouraged and supported her lies . . . be investigated and prosecuted." *Shutt v. Parks-Miller*, 2017 WL 1738450, at *3–4 (M.D. Pa. May 4, 2017).

Shutt sued under 42 U.S.C. § 1983, alleging that Parks Miller's comments at the press conference deprived Shutt of her First and Fourteenth Amendment rights. She also sued Centre County under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The United States District Court for the Middle District of Pennsylvania dismissed both claims with prejudice after determining that any amendment would be futile. Shutt filed this appeal.

A

Shutt first argues that Parks Miller unlawfully retaliated against her for exercising her free speech rights. This claim requires a plaintiff to allege "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising [her] constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Mirabella v. Villard*, 853 F.3d 641, 649 (3d Cir. 2017) (quoting *Thomas v. Independence Township*, 463 F.3d 285, 296 (3d Cir. 2006)). Even assuming that Parks Miller was speaking as a state actor for

3

§ 1983 purposes, we agree with the District Court that Shutt's complaint does not plead facts sufficient to meet the second prong.

"[W]hether an act is retaliatory is an objective question. We ask whether the act would deter a person of ordinary firmness, not whether the plaintiff was deterred." *Mirabella*, 853 F.3d at 650 (citation omitted). However, "criticism, false accusations, or verbal reprimands" generally do not provide the basis for demonstrating that a public official's speech would deter a person of ordinary firmness. *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006) (quotation omitted); *McLaughlin v. Watson*, 271 F.3d 566, 573 (3d Cir. 2001) (noting that this category includes defamatory statements). Instead, a retaliation claim implicating the speech of a government official must involve "a threat, coercion, or intimidation, intimating that punishment, sanction, or adverse regulatory action will follow." *Mirabella*, 853 F.3d at 651 (citation omitted).

Applying this law to the facts of Shutt's appeal, we must determine whether Parks Miller's demand that Shutt be investigated and prosecuted amounts to a threat of punishment or sanction. Under the timeline presented in this case, we conclude that it does not. Parks Miller's demand could not have had any effect on Shutt's affidavit, her grand jury testimony, or her comments to Masorti about Parks Miller's conduct for the simple reason that all of Shutt's relevant speech preceded the press conference at which Parks Miller castigated her. And because Shutt's complaint addresses only her speech prior to the press conference, it fails to establish how Parks Miller's speech would have dissuaded a person of ordinary firmness from exercising her free speech rights. Shutt does not, for example, allege that she possessed additional inculpatory information about

4

Parks Miller that was chilled by the threat of prosecution. Nor does she allege that Parks Miller's demand would deter similarly-situated potential whistleblowers from coming forward. Rather, she alleges that Parks Miller's actions "were intended to intimidate, prevent and deter Shutt from engaging in the First Amendment protected activity described above,"—*i.e.*, Shutt's past expressive conduct. App. 39 (Compl. ¶ 66). Because Parks Miller's comments could not have dissuaded Shutt from saying things she had previously said, the District Court did not err when it held that Shutt failed to state a claim for relief. *See Thomas*, 463 F.3d at 296 (noting that, although usually a question of fact, courts can determine whether a plaintiff has adequately pleaded a retaliation claim at the motion-to-dismiss stage). [2]

Shutt also argues that the District Court should have permitted her to amend her complaint. We disagree, largely because Shutt failed to cite facts to the District Court or this Court that would overcome the deficiencies in her initial complaint. Accordingly, we agree with the District Court that leave to amend would have been futile. *Cf. Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them.").

---

[2] Shutt also alleges that Parks Miller's lawsuit against her constituted unlawful retaliation. But the fact that Shutt was sued for conduct that occurred when Parks Miller was District Attorney does not demonstrate that Parks Miller acted "under 'pretense' of law" by filing it. *See Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994). Such a rule would deprive public officials of a private right of action. *Cf. Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 24 (3d Cir. 1997) ("[A] state employee who pursues purely private motives and whose interaction with the victim is unconnected with his execution of official duties does not act under color of law."). Thus, Parks Miller's private lawsuit cannot provide a basis for Shutt's retaliation claim.

B

Shutt next argues that Parks Miller's conduct violated the Fourteenth Amendment because it caused her reputational harm and prevented her from pursuing her chosen profession. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 235 (3d Cir. 2006).

Under the applicable "stigma-plus" test, "a plaintiff must show a stigma to [her] reputation *plus* deprivation of some additional right or interest." *Id.* at 236. In support of this "plus" factor, Shutt offers merely that her "opportunities for employment in the legal field have been eliminated, as have her prospects for comparable employment." App. 38 (Compl. ¶ 61). The District Court correctly held that these assertions amount to "generalized allegations regarding her inability to pursue her paralegal career." *Shutt*, 2017 WL 1738450, at *8. Such assertions are insufficient to satisfy the "plus" prong, especially where, as here, Shutt has neither alleged a loss of employment nor pleaded specific facts about lost job opportunities, rescinded job offers, or other terminations. *See Hill*, 455 F.3d at 236; *see also Sturm v. Clark*, 835 F.2d 1009, 1012–13 (3d Cir. 1987) (holding that a lawyer's financial harm resulting from loss of clients caused by a prison's "depiction of her as disruptive and unprofessional" was "insufficient to transform a reputation interest into a liberty interest"). Accordingly, we will affirm the District Court's order dismissing Shutt's Fourteenth Amendment claim.[3]

II

For the reasons stated, we will affirm the District Court's order in all respects.

---

[3] Having found no error with respect to the dismissal of Shutt's claims against Parks Miller, it follows that her *Monell* claims against Centre County fail as well. *Grazier ex rel. White v. City of Philadelphia*, 328 F.3d 120, 124 (3d Cir. 2003).